**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. __1:19-cv-00157__

KELLI LUND,

   Plaintiff,

v.

ONEMAIN FINANCIAL, INC.

   Defendant.

## COMPLAINT

NOW COMES Plaintiff, KELLI LUND, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, ONEMAIN FINANCIAL, INC., as follows:

### NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for alleged violation(s) of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4. KELLI LUND ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this judicial district.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. ONEMAIN FINANCIAL, INC. ("Defendant") provides unsecured and secured personal loans to consumers in the United States. It offers fixed-rate, fixed-term, and fixed-payment personalized loan solutions for various loan needs, such as debt consolidation, unexpected expenses, home improvement, and life's events. Onemain Financial, Inc. was formerly known as CitiFinancial, Inc. The company was founded in 1912 and is based in Baltimore, Maryland. It has various branches in the United States. Onemain Financial, Inc. operates as a subsidiary of OneMain Financial Holdings, Inc.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

8. Plaintiff obtained an unsecured personal loan from Defendant.

9. As result of financial hardship, Plaintiff fell behind on payments.

10. In or before November 2018, Plaintiff fell to Defendant's relentless telephone harassment campaign as they sought to collect on this loan.

11. On November 27, 2018, Plaintiff answered.

12. Plaintiff experienced clear pause prior to being connected to Defendant.

13. Plaintiff politely requested that Defendant stop calling.

14. In spite of Plaintiff's November 27, 2018 request, Defendant proceeded to call Plaintiff on 60 separate occassions:

- November 28, 2018 at 8:57 AM
- November 28, 2018 at 11:06 AM
- November 29, 2018 at 1:25 PM
- November 30, 2018 at 9:18 AM
- November 30, 2018 at 11:06 AM
- November 30, 2018 at 3:52 PM
- December 11, 2018 at 10:14 AM
- December 11, 2018 at 12:35 PM
- December 11, 2018 at 1:50 PM
- December 11, 2018 at 3:40 PM
- December 11, 2018 at 4:39 PM
- December 11, 2018 at 6:12 PM

- November 30, 2018 at 5:50 PM
- December 1, 2018 at 10:05 AM
- December 3, 2018 at 11:19 AM
- December 3, 2018 at 2:22 PM
- December 3, 2018 at 4:05 PM
- December 3, 2018 at 4:35 PM
- December 4, 2018 at 9:58 AM
- December 4, 2018 at 11:19 AM
- December 4, 2018 at 12:25 PM
- December 4, 2018 at 3:55 PM
- December 4, 2018 at 6:25 PM
- December 5, 2018 at 12:12 PM
- December 5, 2018 at 12:37 PM
- December 5, 2018 at 2:59 PM
- December 5, 2018 at 4:21 PM
- December 5, 2018 at 4:55 PM
- December 6, 2018 at 9:55 AM
- December 6, 2018 at 11:12 AM
- December 6, 2018 at 3:05 PM
- December 6, 2018 at 4:32 PM
- December 7, 2018 at 11:10 AM
- December 10, 2018 at 11:50 AM
- December 10, 2018 at 5:44 AM
- December 12, 2018 at 8:31 AM
- December 12, 2018 at 10:16 AM
- December 12, 2018 at 11:34 AM
- December 12, 2018 at 2:33 PM
- December 12, 2018 at 3:47 PM
- December 12, 2018 at 7:53 PM
- December 13, 2018 at 9:18 AM
- December 13, 2018 at 10:49 AM
- December 13, 2018 at 1:59 PM
- December 14, 2018 at 9:27 AM
- December 14, 2018 at 5:01 PM
- December 17, 2018 at 9:19 AM
- December 17, 2018 at 1:14 PM
- December 17, 2018 at 2:42 PM
- December 17, 2018 at 5:06 PM
- December 17, 2018 at 5:35 PM
- December 18, 2018 at 10:31 PM
- December 18, 2018 at 6:34 PM
- December 19, 2018 at 9:19 AM
- December 19, 2018 at 10:27 AM
- December 19, 2018 at 4:40 PM
- December 20, 2018 at 10:33 AM
- December 20, 2018 at 1:56 PM
- December 21, 2018 at 1:16 PM
- December 21, 2018 at 2:23 PM
- December 21, 2018 at 4:36 PM
- December 21, 2018 at 5:23 PM
- December 22, 2018 at 10:09 AM
- December 22, 2018 at 12:58 PM

15. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the number ending in 9531.

16. At all times relevant, Plaintiff's number ending in 9531 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

17. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

## **DAMAGES**

18. Defendant's collection calls have severely disrupted Plaintiff's everyday life and overall well-being.

19. Defendant's telephone harassment campaign have caused Plaintiff actual harm, including but not limited to: aggravation that accompanies unsolicited telephone calls, anxiety, diminished value and utility of telephone equipment and telephone subscription services, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services, and wasting Plaintiff's time.

## **CLAIMS FOR RELIEF**

### COUNT I:
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**

20. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

21. Defendant placed or caused to be placed no less than 60 non-emergency calls, including but not limited to the aforementioned phone calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

22. Upon information and belief, based on the lack of prompt human response, Defendant employed an ATDS to place calls to Plaintiff's cellular telephone.

23. Upon information and belief, the ATDS employed by Defendant transfers the call to a live representative once a human voice is detected, hence the clear pause.

24. Upon information and belief, Defendant acted through its agents, employees, and/or representatives at all times relevant.

25. As a result of Defendant violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

26. As a result of Defendant's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B. an order enjoining Defendant from placing any further calls to Plaintiff's cellular telephone number ending in 9531 in the future;

C. an award of statutory damages of at least $500.00 for each and every violation;

D. an award of treble damages of up to $1,500.00 for each and every violation; and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

January 18, 2019

Respectfully submitted,

/s/ Joseph S. Davidson

Joseph S. Davidson
Mohammed O. Badwan
**SULAIMAN LAW GROUP, LTD.**

5

2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Counsel for Kelli Lund*